UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charles Y. Powell,                                              Civil No. 20-cv-1142 (PJS/HB)

                    Plaintiff,

v.
                                                          **REPORT AND RECOMMENDATION**

Daniel Marland Casey, Jeffery Thomas
Austreng, Minnesota Department of
Corrections,

                    Defendants.

HILDY BOWBEER, United States Magistrate Judge

        This matter is before the Court on the Motion to Dismiss of Defendant Minnesota

Department of Corrections [ECF No. 15], which was referred to the undersigned for a

Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set

forth below, the Court recommends that the motion be granted.

I.      **Factual Background**

        Plaintiff Charles Y. Powell is incarcerated at the Minnesota Correctional Facility

in Oak Park Heights.  (*See* Compl. at 3[1] [ECF No. 1].)  On May 11, 2020, he filed suit

under 42 U.S.C. § 1983 against the Minnesota Department of Corrections (MNDOC) and

two former corrections officers, Daniel M. Casey and Jeffery T. Austreng.  (*See id.* at 1.)

Plaintiff indicates that he sues all Defendants in their individual capacities.  (*Id.*)

---

[1] The internal pagination of the Complaint is confusing, since the first page is not
numbered and the second page begins with 4.  The Court therefore cites to the pagination
provided by the CM/ECF system.

Plaintiff alleges that on July 16, 2018, Defendants Casey and Austreng "used extreme excessive force" against him by beating Plaintiff while he was in a restraint chair for over 45 minutes.  (*Id.* at 4.)  Plaintiff also claims the officers "wrote false disciplinary reports . . . saying [Plaintiff] assaulted one or both of them . . . to try to justify what they did to [Plaintiff]."  (*Id.* at 5.)  According to the Complaint, both officers were fired and criminally charged for their actions.  (*Id.*)  However, Plaintiff contends that, as a result of the allegedly false reports, he was given "extended incarceration."  He now seeks $10,000,000 in monetary damages, and to have the additional time removed from his sentence.  (*See id.* ("I want get all of extended incarceration they gave me back. . . .").)

On August 27, 2020, the MNDOC moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  [ECF No. 15.]  Those filings make it clear that MNDOC is not representing Defendants Casey and Austreng, and that the motion does not relate to them.  On September 18, 2020, the Court received a letter from Plaintiff requesting a 60-day extension to respond to MNDOC's motion.  [ECF No. 26.]  The Court granted that request, making Plaintiff's response due on November 16, 2020.  [ECF No. 27.]  To date, however, Plaintiff has not filed a response to the MNDOC motion.

## II.     Legal Standards

On a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader."  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  "To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court has the duty to construe liberally a pro se party's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that even if a claim "is not pleaded with legal nicety," a court should construe the allegations so that the claim may "be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). The court should not, however, "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Id.* Nor should a court "assume the role of advocate." *Sneh v. Bank of N.Y. Mellon*, Case No. 12-cv-954 (MJD/JSM), 2012 WL 5519690, at *5 (D. Minn. Oct. 30, 2012) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)), *adopted by* 2012 WL 5519682 (D. Minn. Nov. 14, 2012).

## III.   Discussion

Plaintiff seeks both monetary and injunctive relief. Because these forms of relief trigger different legal standards, the Court will analyze them separately.

### A.   Monetary Relief

Plaintiff seeks $10,000,000 in monetary relief. MNDOC argues that Plaintiff's claim for damages fails because MNDOC, as a state agency, is entitled to sovereign immunity.

A state is immune from suit in federal court unless the state has consented to be

sued or Congress has expressly abrogated the state's immunity.  U.S. Const. amend. XI;

*see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996); *Pennhurst State Sch.*

*& Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  A state may waive its immunity from

suit, however, waiver will be found "only where stated 'by the most express language or

by such overwhelming implications from the text as [will] leave no room for any other

reasonable construction.'"  *Fla. Dep't of Health & Rehab. Serv. v. Fla. Nursing Home*

*Ass'n*, 450 U.S. 147, 150 (1981) (quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)).

The state of Minnesota has not waived its Eleventh Amendment immunity from suit in

federal court.  *See DeGidio v. Perpich*, 612 F. Supp. 1383, 1388–89 (D. Minn. 1985).

The Court therefore agrees with MNDOC that Plaintiff's claim for damages against

MNDOC must be dismissed on this basis.[2]

MNDOC argues there is a separate and sufficient reason to dismiss Plaintiff's

claim for damages: Section 1983 claims can only be brought against a "person" who

deprives another person of her constitutional rights, and MNDOC is not a person.  *See*

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State

---

[2] The Court observes that although MNDOC's motion was brought pursuant to Rule 12(b)(6), "[s]overeign immunity is jurisdictional in nature."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, (1994); *see also Pennhurst*, 465 U.S. at 121 ("A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment."); *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006) ("Federal courts generally lack jurisdiction to hear claims against the United States because of sovereign immunity.").  Accordingly, insofar as MNDOC's motion argues for dismissal on Eleventh Amendment grounds, the Court will construe it as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) rather than as a motion brought under Rule 12(b)(6).

nor its officials acting in their official capacities are "persons" under § 1983."); *Brown v. Mo. Dep't of Corr.*, 353 F.3d 1038, 1041 (8th Cir. 2004) (finding Missouri Department of Corrections was not a proper party under § 1983). Moreover, the complaint alleges no basis upon which MNDOC can be held liable for the actions of Defendants Casey and Austreng, since § 1983 does not recognize *respondeat superior* as a basis for liability. *See Vaughn v. Greene Cty., Ark.*, 438 F.3d 845, 851 (8th Cir. 2006) ("[I]t is well settled the doctrine of *respondeat superior* is inapplicable to section 1983 claims."). Accordingly, the Court finds Plaintiff has failed to state a Section 1983 claim against MNDOC for monetary damages.

### B.     Injunctive Relief

In addition to damages, Plaintiff also seeks to have the "extended incarceration" time removed from his sentence. Essentially, this is a claim for prospective injunctive relief. Under the *Ex Parte Young* doctrine, a plaintiff may bring a § 1983 claim for prospective injunctive relief, but such suits must be brought against state *officials*, sued in their official capacity. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). The same doctrine does not extend to states or state agencies. That is, Plaintiff is not able to seek injunctive relief from a state *agency,* and therefore it cannot seek prospective injunctive relief from MNDOC, a state agency. *Id.* Accordingly, the Court concludes Plaintiff has failed to state a claim against MNDOC for the relief he seeks with regard to his sentence.

Moreover, even if the Complaint had named state officials in their official capacity, Plaintiff cannot seek this relief—a shorter prison sentence—by this means. In

*Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500; *see also Duwenhoegger v. King*, Case No. 10-cv-3965 (PJS/JSM), 2013 WL 646235, at \*5 (D. Minn. Jan. 28, 2013), *report and recommendation adopted*, 2013 WL 646317 (D. Minn. Feb. 21, 2013), *aff'd*, 561 F. App'x 581 (8th Cir. 2014) (applying *Preiser* to Minnesota state prisoner's request for removal of extended incarceration time and concluding that "[t]he exclusive remedy for a state prisoner challenging the fact or duration of his confinement is a petition for habeas corpus").  Accordingly, even if Plaintiff had made official capacity claims against MNDOC officials, he could still not use this lawsuit as a vehicle to achieve removal of the extended incarceration time.  His remedy for that concern is through a petition for habeas corpus.

The Court concludes Plaintiff has failed to state a claim for injunctive relief against MNDOC, and recommends granting Defendant's motion on this point.

**IV.     Recommendation**

Accordingly, **IT IS HEREBY RECOMMENDED** that Defendant Minnesota Department of Corrections' Motion to Dismiss [ECF No. 15] be **GRANTED** and all claims against it be **DISMISSED**.

Dated: January 6, 2021                        *s/ Hildy Bowbeer*
                                              HILDY BOWBEER
                                              United States Magistrate Judge

6

**NOTICE**

Filing Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).