UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES YOVONTRE POWELL, | Case No. 20-CV-1142 (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| DANIEL MARLAND CASEY and JEFFERY THOMAS AUSTRENG, | |
| Defendants. | |

Charles Yovontre Powell, pro se.

Richard W. Hechter, for defendant Jeffrey[1] Thomas Austreng.

Plaintiff Charles Powell, an inmate at a Minnesota correctional facility, filed this lawsuit under 42 U.S.C. § 1983, alleging that defendants Jeffrey Austreng and Daniel Casey used excessive force against him when they were employed as correctional officers. This matter is before the Court on Austreng's objection to the May 10, 2021 Report and Recommendation ("R&R") of Magistrate Judge Hildy Bowbeer. ECF No. 92. Judge Bowbeer recommends denying Austreng's motion to dismiss under Fed. R. Civ. P. 12(b)(6). ECF No. 84. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Austreng's objection and adopts the R&R.

---

[1]The complaint misspelled Jeffrey Austreng's first name; the Court uses the correct spelling except in the case caption.

Austreng's objection is composed entirely of arguments that were not presented to Judge Bowbeer. "A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge." *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006). For this reason alone, Austreng's objection is overruled.

Austreng's arguments are also meritless. Austreng asserts that the complaint does not specify how he violated Powell's rights, adequately distinguish between Austreng's actions and Casey's actions, or identify which constitutional right was violated. The complaint alleges that Austreng and Casey: (1) "brutally beat [Powell] while [he] was in handcuffs, shackels [sic] and strapped inside of a restraint chair for over 45 minutes" on July 16, 2018; and (2) "wrote false disciplinary reports" that accused Powell of assault and caused Powell to receive extended incarceration. ECF No. 1 at 4–5. The complaint also alleges that defendants used "excessive force," *id.* at 4, which puts defendants on notice that Powell (a pro se plaintiff) is attempting to invoke the Eighth Amendment's prohibition of cruel and unusual punishment. These allegations are sufficient to give Austreng "fair notice of what the . . . claim is and the grounds upon which it rests." *Johnson v. Precythe*, 954 F.3d 1098, 1101 (8th Cir. 2020) (quotation marks and citation omitted).

Next, Austreng argues that the complaint does not adequately allege that he was acting under color of state law, as is required to plead a plausible § 1983 claim. But the complaint alleges that Austreng was a correctional officer at a state facility, ECF No. 1 at 4, which strongly supports an inference that Austreng was acting under color of state law during the incident. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("'[S]tate employment is generally sufficient to render the defendant a state actor.'" (citation omitted)).

Finally, Austreng says that the complaint does not allege an injury and notes that a de minimis touch by an officer does not violate the Eighth Amendment. But Powell does not accuse Austreng of a de minimis touch; Powell accuses Austreng and Casey of "brutally" beating him for 45 minutes. There is nothing "de minimis" about the injuries typically suffered by the victim of a sustained and "brutal[]" beating. *See McLaurin v. Prater*, 30 F.3d 982, 984 (8th Cir. 1994) (unjustified infliction of pain can violate the Eighth Amendment). And even if there were, the complaint alleges that "the force applied [was] excessive," and thus the complaint "may survive summary dismissal even if the resulting injury [was] *de minimis*." *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES defendant Jeffrey Austreng's objection [ECF No. 92] and ADOPTS the May 10, 2021 R&R [ECF No. 84].  IT IS HEREBY ORDERED THAT Austreng's motion to dismiss [ECF No. 51] is DENIED.

Dated:  June 2, 2021
       s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge