# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

Charles Y. Powell,

                Plaintiff,

      v.

Daniel Marland Casey, Jeffery Thomas Austreng

                  Defendants.

Jeffrey Thomas Austreng,

        Third Party Plaintiff,

      v.

The State of Minnesota/Department of Corrections,

        Third Party Defendant.

Case No. 20-cv-1142 (PJS/HB)

**ORDER ON MOTION TO AMEND COMPLAINT**

---

HILDY BOWBEER, United States Magistrate Judge

    Before the Court in this prisoner's rights case is Plaintiff Charles Y. Powell's motion to amend his complaint (2nd Mot. Amend. [ECF No. 110-1].)  For the reasons set forth below, the Court will grant in part and deny in part the motion.

1

I.      **Background**

Plaintiff Charles Powell filed his initial complaint in this case on May 11, 2020. (Compl. [ECF No. 1].)  Powell's original complaint asserted causes of action against Defendants Daniel Casey and Jeffrey Austreng in their individual capacities, and the Minnesota Department of Corrections (the "DOC").  (Compl. at 1.)   The Complaint was submitted on a form, Part IV of which asks for a "Statement of the Claim."  In Part IV, Powell alleged that Casey and Austreng "used extreme excessive force against [him] for [sic] logical reasons other than their own malicious satisfaction.[1]  [Powell] was compliant but still they brutally beat [him] while [he] was in handcuffs, shackles, and strapped inside of a restraint chair for over 45 minutes.  Its all on video footage . . . ."  (*Id.* at 4.) Part V of the form, Powell's prayer for relief, included "get[ting] back all of the extended incarceration they gave [him] and . . . $10,000,000 (ten million dollars)."

Both the DOC and Austreng filed motions to dismiss.  (DOC Mot. Dism. [ECF No. 15]; Austreng Mot. Dism. [ECF No. 51].)  For the reasons set forth in an amended Report and Recommendation (Am. R&R [ECF No. 58]) that was adopted by the Honorable Patrick J. Schiltz, United States District Judge (Feb. 12, 2021 Ord. Adopting Am. R&R [ECF No. 70]), the Court granted the DOC's motion to dismiss Powell's claims against it without prejudice and held that Powell cannot seek a shorter prison sentence in a civil rights action brought under 42 U.S.C. § 1983.  (*Id., see also* Am. R&R at 6).

---

[1] The Amended Complaint corrects this typo so that it reads "for no logical reasons . . . ."

2

The Court denied Austreng's motion to dismiss, however.  (June 2, 2021 Ord.

Adopting R&R [ECF No. 98].)  Austreng then filed an answer to the Complaint in which

he asserted a third-party complaint against the DOC, thus bringing it back into the case as

a third-party defendant.  (Austreng Ans. [ECF No.  101].)  The DOC has moved to

dismiss Austreng's third party complaint based on Eleventh Amendment

immunity.  (DOC Mot. Dism. Third-Party Compl. [ECF No. 113].)  That motion is

scheduled for oral argument before the undersigned on October 5, 2021 [ECF No. 114].

The Court entered a Pretrial Scheduling Order on March 8, 2021.  [ECF No. 76.]

The scheduling order established a deadline of June 1, 2021, by which any motions to

amend the pleadings had to be filed.  On June 1, Powell filed a motion for leave to amend

his complaint.  (1st Mot. Amend [ECF No. 97].)  The Court denied the motion without

prejudice because the motion failed to include the proposed amendments and to comply

with certain local rules. (June 3, 2021 Ord. [ECF No. 99].)  The Court indicated,

however, that Powell could file a renewed motion "if after consultation with a volunteer

attorney from the FBA Pro Se Project he can make the required showing of good cause

for an extension of the deadline for filing motions to amend under Local Rule 16.3(b),

and otherwise complies to the extent practicable with Local Rules 7.1(b) and 15.1." (*Id.*)

On July 23, 2021, Powell filed a proposed Amended Complaint (PAC [ECF No. 110])

together with a Proposal to Amend Complaint (2nd Mot. Amend), which this Court

construed as a renewed motion to amend his Complaint.  (*See* Briefing Ord. [ECF No.

111].)  Defendants Jeffrey Austreng and Daniel Casey filed responses stating that they

did not oppose Powell's motion.  [ECF Nos. 112, 123.]  The DOC, however, filed a

3

memorandum in opposition to Powell's motion to amend, arguing that the Court should deny the motion because the proposed amendments would be futile.  (DOC Mem. Opp. [ECF No. 124].)

The PAC is four pages long.  The first page is a caption, which now includes as additional defendants "Lt. [Brian][2] Bradley" and "Several John/Jane Doe's" who are being "sued in their individual and official capacity's."  (PAC at 1.) The second page begins as a handwritten Part IV of the form complaint.[3]  The Statement of the Claim is divided between the "Original Complaint" and the "Amended Complaint."  (*Id.* at 2.)  In the Amended Complaint section, Powell alleges that "Lt. Bradley and several J. Does were present during the time of the brutal beating and did not attempt to intervene in good faith so they all should be held accountable for failure to protect under the 8th and 14th Amendment. . . . I know for a fact that it was more than two correctional officers present . . . Lt. Bradley is the supervisor of all officers."  (*Id.* at 2-3.)

The prayer for relief in the PAC adds a request for a declaratory judgment stating that "the physical abuse of the Plaintiff by defendants Daniel Casey, Jeffrey Austreng and the failure to protect by Lt. Bradley et al violated the Plaintiff's rights under the Eighth Amendment & 14th Amendment to the United States Constitution and constituted an assault and battery under state law."  (*Id.* at 3-4.)  The prayer also clarifies that Powell

_____

[2] Powell's Reply [ECF No. 129] provides Lieutenant Bradley's first name.

[3] Parts I-III of the original Complaint form, which ask about prior litigation, where the plaintiff is currently incarcerated, and what steps were taken to address the issues raised in the complaint through the prisoner grievance procedure, were not replicated in the PAC, and so the Court assumes that information has not changed. (*See* Compl. at 1–4.)

seeks $5 million in compensatory damages for "physical and emotional injuries" and $5 million in punitive damages. (*Id.* at 4.) Beneath the new prayer for relief is Part V of the original complaint. (*Id.)*

## II.   Legal Standard

Pro se complaints are to be construed liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "If the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). But the Court need not assume facts that are not alleged. *Id.* Moreover, pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law. *See Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983).

After a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 183 (1962). Futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). "[A] pro se complaint, even 'inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers,' and can only be dismissed if the plaintiff fails to allege sufficient

facts to state a facially plausible claim to relief."  *Rinehart v. Weitzell*, 964, F.3d 684, 687 (8th Cir. 2020), quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

Where a plaintiff seeks to amend the complaint after a court-ordered deadline for doing so, the amendment is permitted only "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Sherman*, 532 F.3d at 716 (quotation omitted).

## III.   Analysis

### A.   Whether Powell Has Shown Good Cause to File His Motion After the Applicable Deadline Set by the Scheduling Order

The DOC first argues that Powell has not shown good cause for modifying the scheduling order to allow him to seek leave to amend his Complaint after the June 1 deadline.  In moving to amend the complaint after the deadline established by the court's scheduling order, a plaintiff bears the initial burden of showing good cause for the delay before the court will consider whether the amendment is appropriate.  *See Sherman*, 532 F.3d 716, quoting *Leary v. Deaschner*, 349 F.3d 888, 909 (6th Cir. 2003).

As mentioned, Powell attempted to comply with the scheduling order by filing a timely motion to amend his complaint.  But without the proposed amendments, this Court could only deny the motion.  *See Wolgin v. Simon*, 722 F.2d 389, 394-95 & n.10 (8th Cir. 1983) (holding that a party must submit a proposed amendment and granting leave to amend without such is an abuse of discretion).  The Court denied the motion without

prejudice, however, to give Powell, who is pro se, an opportunity to consult with an attorney and then file a new motion showing good cause to amend his complaint.  Powell renewed his motion to amend fifty days later, stating that he did not file sooner because he "didn't know the identities of all the officers were who present at the time of the assault" as he was unable to see the video footage of the incident.  (2nd Mot. Amend at 1.)[4]

Having initially filed a timely motion, pursued a course of action that this Court directed in its order denying the original motion to amend, and explained the reason for the additional delay in a way that appears to be due to no fault of his own, the Court finds Powell diligently attempted to meet the requirements of this Court's orders.

In addition, the Court finds no indication that any party would be prejudiced by the delay.  On the contrary, Austreng and Casey have consented, and the DOC has identified no respect in which it will suffer prejudice by reason of Powell's having filed the instant motion in mid-July rather than June 1.  Indeed, the DOC's motion to dismiss Austreng's third-party complaint against it will not be heard until early October.  Accordingly, the Court finds Powell has shown good cause for filing this motion after the

---

[4] Indeed, it appears Powell may not even have had access to the video until on or about August 4, 2021, after he filed this motion, when the DOC served its motion to dismiss Austreng's third-party complaint.  (Cert. Serv. [ECF No. 120].)   Exhibits A through D, which were served on Powell along with the motion, are compact discs that include redacted video footage of the incident.  (Ghreichi Decl. Supp. Mot. Dism. Third-Party Compl. ¶ 3-7.)

June 1, 2021 deadline and that there was no undue delay or unfair prejudice.  *See*

*Sherman*, 532 F.3d at 716.[5]

      B.      Whether Powell's Proposed Amendments to His Complaint Would Be Futile

The DOC also argues that Powell's motion should be denied because his proposed

amendments would be futile.[6]

---

[5] The DOC also identifies respects in which Powell's motion failed to follow this Court's directive to comply with Local Rules 16.3(b), 15.1, and 7.1(b).  As this Court has previously stated, even pro se litigants are expected to comply with the rules.  But the Court also recognizes the practical challenges for a prisoner, particularly during the past year when restrictions due to COVID have seriously impeded the ability of those incarcerated to access prison library and computer resources.  In fact, the Court's prior order recognized the limitations placed on pro se prisoner plaintiffs in ordering compliance with local rules "to the extent practicable."  While the Court does not condone Powell's failure to file pleadings that strictly adhere to the rules, Powell's motion substantially complied with the rules, most importantly in clearly identifying the respects in which his PAC adds new matter to his original complaint.  Furthermore, none of the parties contend that they were prejudiced or impeded by any deficiencies.  Accordingly, the Court will not deny Powell's motion because of those deficiencies, but warns Powell that he will not get a pass on compliance with the rules where he has the capability of complying, even if difficult.

[6] The Court notes that the DOC's "standing" to argue the futility of amendments that seek to assert claims against proposed new—but as yet absent—defendants is far from certain.  *Compare Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, 2014 WL 988829 at *2 (D. N.J. February 27, 2014) (concluding existing parties could not raise futility on behalf of prospective parties, but could raise prejudice resulting from delay), *with Gardner v. Minnesota*, 2019 WL 1875590 at *3 (D. Minn. April 26, 2019) (recognizing absence of binding authority, discussing persuasive cases, and deciding to consider futility arguments made by existing defendant regarding prospective defendants where ignoring the opposition to a motion to amend would "almost certainly" lead to the absent defendants filing a later motion to dismiss on the same grounds).  *See also United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (discussing party presentation principle).  As none of the parties raised that issue, however, the Court will address the DOC's futility arguments on the merits.

Futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Tr.*, 519 F.3d a 782.  Construed liberally, a pro se complaint can only be dismissed if the plaintiff fails to state a facially plausible claim to relief. *See Rinehart*, 964, F.3d at 687.  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).     The court must take all well-pleaded facts alleged in the complaint as true and make reasonable inferences in favor of the plaintiff. *See Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020).  The factual content must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Kulkay v. Roy*, 847 F.3d 637, 641-42 (8th Cir. 2017).

    In his PAC, Powell seeks to assert 1) claims under the Eighth Amendment against Bradley and the Doe Defendants; 2) claims under the Fourteenth Amendment against Bradley and the Doe Defendants; and 3) state law claims for assault and battery claims against all defendants.  (PAC at 3–4.)  The PAC states that "all new Defendants are being sued in their individual and official capacit[ies]."  (PAC at 1.)[7]

---

[7] The DOC also objects to what it views as an inappropriate attempt through the PAC to revive Powell's request for reduced incarceration, which was previously dismissed.  (Feb. 12, 2021 Ord. Adopting R&R; Am. R&R at 6.)  However, although the PAC includes the original Section V Request for Relief from the original Complaint asking that Powell get back "all of extended incarceration they gave me" (*compare* Compl. at 5 *with* PAC at 4), the Court does not interpret this as a request by Powell to reassert his demand for a reduction in his incarceration.  Unable to easily create a "redline version" of his PAC, Powell instead carefully replicated Sections IV and V of his original complaint in all respects (save the correction of a couple of errors) and then set forth his proposed amendments separately.  Immediately preceding Section V, the PAC states a new request for monetary relief in the form of both compensatory and punitive damages, clearly intending to supersede the request for relief in the original complaint that included

1.  Proposed Eighth Amendment Claims Against Bradley and Doe
    Defendants

To assert a claim under the Eighth Amendment that the proposed new defendants were deliberately indifferent to a substantial risk of serious harm to Powell, the PAC must plausibly allege that (1) there was a substantial risk of serious harm to the inmate, and (2) that each such defendant actually knew of the risk and failed to respond reasonably to it. *Young v. Selk,* 508 F.3d 868, 873 (8th Cir. 2007); *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). Thus, there is both an objective and a subjective component to the claim. *Id.* Mere negligence or inadvertence is not deliberate indifference. *Kulkay,* 847 F.3d at 643. The DOC contends the PAC cannot plausibly assert such a claim because the allegations are contrary to video footage of the beating. In addition, it argues Powell cannot plausibly allege Bradley and the Doe Defendants were deliberately indifferent to a substantial risk of serious harm because the beating was a surprise attack that occurred over a matter of seconds, too short a time to afford them a reasonable opportunity to stop the attack.

In support of these arguments, the DOC relies upon the videos that were filed and served as exhibits to its motion to dismiss Austreng's third party complaint. (*See* Ghreichi Decl. Supp. Mot. Dism. 3rd Party Compl. Exs. A-D [ECF Nos. 117, 117-1, 118]). Because the videos were not appended to Powell's complaint or PAC, the Court

---

the request to "get back" the extended incarceration. In short, nothing in the PAC suggests Powell seeks to revive that claim or revisit the Court's dismissal of it, and nothing in this Order should be deemed to do so.

must first address whether it can consider the videos in assessing the sufficiency of the PAC in the face of the DOC's futility argument.

"The court must generally ignore materials outside the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). "But it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Id.*; *see also Pinson v. Hadaway*, 2020 WL 5543749 at *2 (D. Minn. Sept. 16, 2020). If a complaint alleges the contents of a document but the document is not attached to the complaint, the document may be considered as "necessarily embraced" by the pleadings if the document's authenticity is not questioned. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (letters). *Cf. Waters v. Madson*, 921 F.3d 725, 731 n.2 (8th Cir. 2019) (considering undisputed edited video and unedited dashboard camera footage). "[T]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1336, at 491 (2d ed. 1990)).

The DOC argues that because the PAC states the attack was captured on video, the videos of the attack submitted by the DOC are "necessarily embraced by the complaint" and therefore the Court can consider them in assessing the DOC's futility arguments. (DOC Mem. Opp. at 8-10.) The DOC is correct that both the Complaint and the PAC expressly mention the existence of video footage of the incident. (Compl. at 4; PAC at 1.) But the DOC's argument is necessarily premised on the assumption that the videos it

11

submitted are authentic and complete copies of the video referred to in Powell's complaint and PAC. Powell has not stipulated to that—in fact, he had not even seen the videos proffered by the DOC at the time he filed the PAC—and the Court does not have an adequate way to verify it independently. This distinguishes the situation in this case from that in *Loomer v. Tlaib,* in which the court considered video footage on a Rule 12(b)(6) motion to dismiss when both sides had submitted the same footage by directly linking to it. 2019 WL 6840184 at \*2 n.3 (D. Minn. Dec. 16, 2019). For this reason alone, the Court would decline to consider the DOC's video Exhibits A through D in assessing the sufficiency of the PAC.

But the Court has an additional concern about the DOC's argument based on the videos. The argument not only asks the Court to assume they are authentic, but it asks the Court to assume they show the entirety of the incident that underlies Powell's lawsuit, including the actions and inactions of all involved, so comprehensively and unequivocally that they leave no possible room for an interpretation of the events that would support the claims Powell seeks to assert in the PAC. *See Jones v. City of Cincinnati*, 521 F.3d 555, 561-62 (6th Cir. 2008) (noting the trouble of incomplete evidence providing a distorted view of the events at issue). That is a far different proposition from, for example, asking the Court to consider a specific contract that was not appended to a complaint alleging the breach of that contract. Here, the videos are certainly *evidence* of the events at the heart of Powell's lawsuit, and they would appear to be *consistent* in many respects with the DOC's version of those events. But the Court cannot conclude the videos are so comprehensive and unequivocal that they abrogate

12

Powell's right at the pleadings stage to have the allegations in the PAC taken as true and therefore render his claims based on those allegations futile.

Having determined that it cannot rely on the videos submitted by the DOC at this stage, the Court must examine whether the PAC on its face plausibly alleges facts that support the requisite elements of an Eighth Amendment claim.  In arguing that it does not, the DOC relies on cases where an inmate suffered a beating by another inmate and a correctional officer failed to prevent that beating.  *See e.g., Vandevender*, 970 F.3d at 975–76.  In those circumstances, the claim must be dismissed if the complaint does not plausibly allege that the officer knew of the offending inmate's propensity for violence or risk of harm to the plaintiff.  *See id.* at 976.

But the PAC asserts a failure-to-intervene claim, not a failure-to-prevent claim.  An officer may be liable for failure to intervene to prevent the use of excessive force by another officer when "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring."  *Nance v. Sammis*. 586 F.3d 604, 612 (8th Cir. 2009); *see Krout v. Goemmer*, 583 F.3d 557, 565-66 (8th Cir. 2009) (citing *Buckner v. Hollins*, 983 F.2d 119, 122-23 (8th Cir. 1993)).  The PAC alleges that "Daniel Casey and Jeffery Austreng . . . beat [Powell] while [he] was in handcuffs, shackles, and strapped inside of a restraint chair for over 45 minutes," and that "Lt. Bradley and several J. Does were present during the time of the brutal beating and did not attempt to intervene."  (PAC at 2-3.)  "A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end

13

the assault." *Williams v. Mueller*, 13 F.3d 1214, 1216 (8th Cir. 1994).  The Court finds that the PAC, while sparse, sufficiently alleges facts that, taken as true, and construed in the light most favorable to Powell, support the proposed amendment to assert an Eighth Amendment failure-to-intervene claim against Bradley and the Doe Defendants and would therefore not be futile.

However, that claim may properly be asserted only as a claim for damages against Bradley and the Doe Defendants in their individual capacities.  The Eleventh Amendment bars a damages action when state officials are sued in their official capacities.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).   A plaintiff may seek injunctive relief against state officials sued in their official capacities, but the PAC does not seek injunctive relief against any of the proposed new defendants.[8]  As a result, any attempted claims against Bradley and the Doe Defendants in their official capacities would be futile.  Accordingly, the Court will grant Powell's motion to amend his complaint to add an Eighth Amendment claim against Bradley and the Doe Defendants in their individual capacities, but denies his motion to amend his complaint to the extent it seeks to add any claim (under the Eighth Amendment or otherwise) against them in their official capacities.

>    2.   Proposed Fourteenth Amendment Claim against Bradley and the Doe Defendants

---

[8] Although Powell requests a "declaratory judgment," he does not cite the Declaratory Judgment Act, 28 U.S.C. § 2201, and, construed liberally, it appears he is simply asking for a finding that the defendants are liable under the asserted causes of action, not for a declaratory judgment as contemplated by the Declaratory Judgment Act. In any event, a proclamation of liability for past acts is not a proper declaratory judgment. *See Justice Network Inc. v. Craighead County*, 931 F.3d 753, 764 (8th Cir. 2019).

14

Powell also seeks to assert a claim against Bradley and the Doe Defendants under the Fourteenth Amendment. (PAC at 3.) But as other courts have recognized, a plaintiff may not assert a Fourteenth Amendment claim that is simply redundant of an Eighth Amendment claim. *See Curry v. Fed. Bureau of Prisons*, No. 05-cv-2781 (PJS/JSM), 2007 WL 2580558 at *10 (D. Minn. Sept. 5, 2007), quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). Accordingly, the Court denies Powell's motion insofar as it seeks to assert a claim against Bradley and the Doe Defendants under the Fourteenth Amendment.

### 3. Proposed State Law Claims for Assault and Battery Against All Defendants

The DOC construes the PAC also to include claims for assault and battery under Minnesota law. (DOC Mem. Opp. at 2.) This is based on the PAC's request for a "declaratory judgment" that "the physical abuse of the Plaintiff by defendants Daniel Casey, Jeffery Austreng and the failure to protect by Lt. Bradley et al violated the Plaintiff's right under the Eighth Amendment & 14th Amendment to the United States Constitution and constituted an assault and battery under state law," followed by a request for an award of compensatory and punitive damages against all defendants. (PAC at 3.) The Court agrees that, construed liberally, the PAC seeks to add a cause of action for assault and battery under state law against not only the proposed new defendants but also against Austreng and Casey.

As to the existing Defendants Casey and Austreng, the Court will allow Powell to amend the complaint to assert causes of action them for assault and battery under

Minnesota law.  Casey filed a letter stating that he did not oppose the motion to file an amended complaint.  (ECF No. 123.)  And although Austreng's letter consenting to the amendments stated "he is not consenting to any amendments to the complaint which would plead . . . new causes of action as against Defendant Austreng" (ECF No. 112 at 1), Austreng failed to brief the issue, and the Court will not make arguments for him.

However, the Court will deny Powell's motion to amend the complaint insofar as it seeks to assert claims for assault and battery under state law against Bradley and the Doe Defendants.  "An assault is an unlawful threat to do bodily harm to another with present ability to carry the threat into fact."  *Dahlin v. Fraser*, 288 N.W. 851, 852 (Minn. 1939).  Common-law civil battery is an "intentional, unpermitted offensive contact with another."  *Johnson v. Morris*, 453 N.W.2d 31, 40 (Minn. 1990).  The PAC does not plead any facts that would plausibly support a claim that Bradley or the Doe Defendants uttered threats directed at Powell or made offensive contact with Powell.  Therefore, the proposed amendment would be futile as against Bradley and the Doe Defendants.

Accordingly, **IT IS HEREBY ORDERED** that

1. Powell's motion to amend his complaint (ECF No. 110-1) is **GRANTED** with respect to:

   a. The proposed new claims under the Eighth Amendment against Lt. Brian Bradley and the Doe Defendants in their individual capacities; and

   b. The proposed new claims against Jeffrey Austreng and Daniel Casey for assault and battery under Minnesota state law.

16

2. Powell's motion to amend his complaint is **DENIED** in all other respects.

3. For the sake of efficiency, the Clerk's Office is directed to refile ECF No. 110 as a standalone docket entry, which shall serve as the operative pleading except for those portions specifically disallowed by this Order.  The Clerk's Office is further directed to include in the docket text a reference to this Order.

4. The Clerk's Office is directed to provide Marshal Service Forms (Form USM-285) to Powell.  Powell must submit a properly completed Marshal Service Form (Form USM-285) for Lt. Brian Bradley in his individual capacity within 30 days of this Order.

5. After the return of the completed Marshal Service Form, the Clerk of Court is directed to seek waiver of service from Lt. Brian Bradley in his individual capacity consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

6. If a defendant sued in his individual capacity fails without good cause to sign and return a waiver within 30 days of the date the waiver is mailed, the Court will impose upon that defendant the expense later incurred in effecting service of process.  Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form.  *See* Fed. R. Civ. P. 4(d)(2).

Dated: September 9, 2021

*/s Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge